Brinkerhofe, C. J.
This is a petition in error in the nature of a bill of review, filed in the district court of Stark county, to reverse a decree of the common pleas of that county, for the assignment of dower to the defendant in error, complainant below, and reserved for decision in this court.
There is no disagreement between counsel as to the facts of the •case disclosed in the record, which are substantially these :
Sanders Tan Rensselaer, the late husband of the complainant below, was seized, during coverture, of the premises described in the bill and in which she claims dower. He died before the filing of her original bill. In the lifetime of Sanders Tan Rensselaer, one Michael Arter recovered a judgment against him in the common pleas of Stark county, where the land in question lies, under which he ^caused the land to be duly levied' on, appraised, and sold; the sale was duly confirmed, and a conveyance made by the sheriff to the purchasers at this judicial sale. And the defendant below, Kitzmiller, now holds the title of these purchasers, and that alone.
After the recovery of the judgment, but before the judicial sale .aforesaid, and while the judgment was a subsisting and valid lien on the premises, Mrs. Tan Rensselaer joined with her husband in a •duly executed deed of conveyance of the land, with full covenants of warranty, and releasing her dower therein, to George and Eli Raudabush, who went into possession, but who were subsequently evicted by virtue of the superior title of the purchasers under the judicial sale.
The question before us is, did the court of common pleas err, on this state of fact, in decreeing dower to the claimant?
By the death of the husband, and his seizin during her coverture, she makes a perfect prima facie case. The defendant below seeks to protect himself under her release of dower to the Raudabushes or, in some way, to make the same operative in his behalf. But the’ defendant has never possessed himself of the title, such as it was, of the Raudabushes ; he is not in privity with them; ho does not claim under them, but under a title paramount and adverse to theirs; and in all the proceedings by which this title accrued, they and their title were, as they lawfully might be, utterly ignored.
He can not make the release available to him as a grant, for he *52 was not a party to the grant, nor is he in privity with the grantees. The release can not operate, in- behalf of the defendant below, by way of estoppel'; for “ a stranger can not be bound by, nor take advantage of, an estoppel. An estoppel, to be binding, must be reciprocal; and parties and pi’ivies only are bound thereby.” Robinson v. Bates, 3 Metcalf, 42; Pixley v. Bennett, 11 Mass. 298. These cases are *fully in point, and, regarded as authority, they are decisive of the question before us; and on principle, they are in accordance with our own views of the law. We think, therefore, there is no error in the decree of the common pleas and that the same must be affirmed.

Judgment accordingly.

Scott, Suture, Peck and Gholson, JJ., concurred.